**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION AT BIG STONE GAP**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 13** |
| | ) | |
| **Nicole Leigh Dotson,** | ) | **Case No. 05-71314** |
| | ) | |
| **Debtor.** | ) | **Debtor's** |
| | ) | **Motion to Disburse** |
| | ) | **Insurance Proceeds** |
| | ) | |

_____

| | | |
|---|---|---|
| **Americredit Financial Services, Inc.,** | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **Motion for Relief** |
| | ) | **From Stay** |
| **Nicole Leigh Dotson** | ) | |
| **and** | ) | |
| **Jo. S. Widener, Trustee** | ) | |
| **Respondents** | ) | |

_____

| | | |
|---|---|---|
| **Americredit Financial Services, Inc.,** | ) | |
| **Movant,** | ) | |
| | ) | **Motion to Direct Chapter 13** |
| v. | ) | **Trustee to Pay Insurance Proceeds** |
| **Nicole Leigh Dotson** | ) | **to Secured Creditor** |
| **and** | ) | |
| **Jo. S. Widener, Trustee** | ) | |
| **Respondents** | ) | |

_____

**MEMORANDUM OPINION**

The matter before the Court is the Debtor's Motion to Disburse Insurance Proceeds and the two motions filed by Americredit Financial Services, Inc. (hereinafter referred to as "Americredit" or "Creditor"), a Motion to Direct the Chapter 13 Trustee to Pay Insurance Proceeds to Secured Creditor and a Motion for Relief from Stay. This matter was heard by the

1

Court on July 17, 2007 and was taken under advisement. The parties were accorded the opportunity to file briefs and they have done so. After due consideration of the relevant facts and the arguments of counsel, the Court, for the reasons noted below, concludes that the Debtor's Motion to Disburse Insurance Proceeds should be granted and the Creditor's motions denied.

## FINDINGS OF FACTS

Debtor filed a Voluntary Petition under Chapter 13 on April 7, 2005. Americredit filed a Proof of Claim secured by a 2002 Dodge Neon on April 21, 2005 that included a secured claim of $6,825.00, which was its claimed value of the collateral, and an unspecified $66.95 unsecured claim. The Proof of Claim did not assert any security interest in or even mention Debtor's insurance policy taken out on the Neon. Debtor filed her Schedules and Plan on April 26, 2005, in which Schedule B listed the value of the Neon at $4,525.00 and Schedule D listed the amount of the secured creditor's claim at $6,895.68, leaving an unsecured claim for $2,370.68. There is no mention of the insurance policy in the Debtor's Schedules. The Plan also valued the Neon at $4,250.00 but made no mention of any insurance policy on the car. Americredit filed on May 5, 2005 an Objection to Confirmation of Plan, which argued that the fair market value of the Neon according to the "NADA book" is $6,825.00.

To resolve the disparity between Debtor's and Americredit's competing claimed values for the collateral and, therefore, the latter's secured claim, Debtor filed a Motion for Valuation Hearing on May 10, 2005. The resolution of this Motion came in the form of an Agreed Order filed on October 20, 2005, which valued the Neon at $6,825.00. Therefore, the agreed value of the collateral was equal to the value asserted by Americredit for its secured

claim. The Order did not mention the unsecured claim of $66.95.

Notwithstanding the Agreed Order, the Amended Plan filed on December 21, 2005, which was subsequently confirmed and remains the Plan in effect today, listed the value of the Neon at $4,525.00 with Americredit's estimated claim at $6,895.68. These values, contrary to the valuation Order, are the same ones listed in Debtor's schedules. Additionally, the Amended Plan made no reference to the insurance policy. Nevertheless, Americredit did not object to confirmation of this Plan.

Despite the absence of an objection by Americredit, the Order Confirming the Plan entered on March 10, 2006 lists the value of the Americredit's secured claim at $6,825.00, which is the agreed amount in the Order determining the Valuation Motion. Again, there is no specific mention of the unsecured claim of $66.95 or the insurance policy in the Confirmation Order.

On June 18, 2007, Debtor filed a Motion to Disburse Insurance Proceeds, which stated that Debtor's 2002 Dodge Neon had been in an accident and deemed a "total loss" by her insurance carrier, Nationwide. The insurance settlement totaled $4,544.00, of which Debtor requested that $2,549.95 be paid by the Trustee, less the applicable Trustee's commission, to Americredit for disbursement in satisfaction of her secured indebtedness in the vehicle and $1,994.05 to the Debtor to be used by her to purchase a replacement vehicle. Debtor lives in Pound, Virginia and, according to Schedule I filed in this case, works in Wise, Virginia, so a replacement vehicle would be critical to continue in that employment, earn income, and successfully complete the Plan. Americredit filed its Objection to the Debtor's Motion on June 22, 2007 on the grounds that its secured claim's payoff was $4,018.74, not $2,549.95, and it is

entitled to its entire payoff as a perfected secured creditor against the vehicle.  In neither its Objection to the Debtor's Motion, nor in either of its own Motions, has Americredit asserted any security interest in the Nationwide insurance policy itself.  Its counsel has asserted in a Memorandum filed after the hearing that the policy is "post-petition" and that Americredit "is listed as the loss payee."

On the same day Americredit filed its Objection to the Debtor's Motion, it filed a Motion for Relief from Stay and a Motion to Direct the Trustee to Pay Insurance Proceeds to Secured Creditor.  Together, these motions assert that (I) Americredit has a perfected security interest in the car, (ii) the insurance proceeds are proceeds of the car, (iii) Americredit is the appropriate recipient of the insurance check, which the Court should order the Chapter 13 Trustee to pay over to it, and (iv) the Court should grant relief from the stay to allow Americredit to apply the insurance proceeds to the outstanding payoff of the loan.  In her Answer to the Motion for Relief, Debtor asserted that the amount of payment Americredit sought is in excess of the amount remaining to be paid to the Creditor under the Chapter 13 Plan and should be denied.

At a hearing on July 17, 2007, counsel made statements on the record but did not offer any evidence and the Court took the issue under advisement and requested briefs from counsel.  Debtor filed a Memorandum in Support of her motion on August 1, 2007 and asserted that the insurance policy in the case at bar is a pre-petition policy and is, therefore, property of the bankruptcy estate under 11 U.S.C. § 541(a).  Additionally, the brief distinguished the case of *In re West*, 343 B.R. 541 (Bankr. E.D. Va. 2006), cited by Americredit's counsel at the hearing, from the case at bar because *West* dealt with a post-petition insurance policy, thereby diminishing its applicability to the current facts.  Conversely, in its Memorandum in Support of

its position filed on August 2, 2007, Americredit relied on the *West* holding as being "directly on point," and asserted that in applying the *West* holding, the Court should rule that the insurance proceeds are not part of the bankruptcy estate, are outside the Chapter 13 Plan, and should therefore pass according to the terms of the policy to Americredit as the loss payee.  It argues that *West* is applicable because neither the confirmed Plan, nor the confirmation Order, make any provision about the Nationwide insurance policy or any other casualty insurance policy upon the Debtor's property and, therefore, the vehicle and the policy vested in the Debtor upon confirmation by virtue of 11 U.S.C. § 1327(b).  Americredit, however, does not offer any evidence that it is the loss payee on any insurance policy in effect at the time of the damage to the vehicle.  The very fact that Americredit has filed a motion seeking an order from this Court directing the Chapter 13 Trustee to pay over insurance proceeds to it makes it evident that, whatever may have been the case before bankruptcy, Americredit was not recognized by the insurance company as the loss payee on the policy at the time the insurance check was issued.  The Court finds that the Trustee was the loss payee on the insurance policy at the time of the casualty loss, evidenced by the fact that Nationwide paid the proceeds from the policy to the Trustee, not Americredit.

In a follow up letter to the Court dated August 13, 2007, Debtor's counsel argued that both the policy and the vehicle were property of the estate when the petition was filed.  Therefore, when the Plan was confirmed, the creditor's rights were modified according to the Plan.  Moreover, neither the policy, nor its proceeds, have liens on them, so the payout is determined by the Plan.  Additionally, Debtor's counsel included a print-out from the insurance company showing a History Log on the insurance policy, which dates back to July 1, 2004 and

shows that the policy is still active, to support her contention that it is a pre-petition policy. On August 15, 2007, Americredit's counsel filed a letter claiming that the distinction between pre- and post-petition policy is irrelevant, and even if Debtor had the policy pre-petition, the funds used to renew the policy were post-petition. Additionally, Americredit claims it is listed as a lienholder on the insurance policy, even though it offers no evidence in its letter or anywhere else in the record to support this claim, and should not be denied its contractual rights just because the plan does not contemplate the vehicle's total loss due to an accident. The Trustee has not taken a position on the competing motions before the Court.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of motions for relief from stay, the validity, extent and priority of liens, the use of property of the bankruptcy estate, or other proceedings affecting the liquidation of the assets of the estate are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(G), (K), (N), and (O).

The question the parties have put before the Court is whether an insurance payout from a policy held by the Debtor on an automobile destroyed post-petition should be paid to the perfected secured creditor, as to the title of the vehicle, to the full extent of the unpaid balance on the contract or whether such payment should be limited to the unpaid balance of the secured claim according to the terms of the confirmed Chapter 13 Plan. Before being able to provide a correct answer to such question, however, the Court must be provided either evidence as to what the critical facts of the matter are or an express implicit agreed stipulation of such facts.

6

Neither party sought to present any evidence at the scheduled hearing time for the various motions. No express stipulation of facts has been offered. The only evidence offered by counsel for the Debtor is a purported photocopy of an insurance payment record attached as an exhibit to a letter to the Court filed in lieu of a reply brief on her behalf. Counsel for Americredit has made assertions as to what the facts are, but has not offered any evidence to substantiate them. To the extent that they are material and relevant, of course, the Court can rely upon the provisions of the agreed valuation Order, the confirmed Plan, the confirmation Order, the documented other proceedings in this case, and the admissions of the parties in their pleadings in deciding the competing motions before it. Americredit has not filed with its Motions the lien documentation upon which it relies, although copies of the original vehicle purchase contract and the Virginia certificate of title are attached as exhibits to its Proof of Claim filed in this case. It has not provided any evidence to the Court establishing that in fact it is the loss payee on the vehicle casualty insurance policy or that it has any perfected security interest in such policy or its proceeds.

First, it is clear that as a general proposition an insurance policy owned by the bankruptcy debtor at the time of filing is a "legal or equitable interest of the debtor" as defined in § 541(a)(1) of the Bankruptcy Code, thereby making such insurance policy property of the estate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) ("[I]nsurance contracts have been said to be embraced in th[e] statutory definition of 'property.'"). As property of the estate, the policy is governed by any applicable provisions of the confirmed Plan. In the case at bar, however, neither the Plan nor the Order confirming it make any reference at all to any casualty insurance upon any property serving as collateral for any secured creditors provided for under

the Plan. The Confirmation Order does provide that Americredit will receive under the Plan the full amount of its secured claim in the exact amount set out in both its Proof of Claim and the Agreed Order resolving the Debtor's Valuation Motion. Counsel for Americredit has not challenged the Debtor's allegation, based on information provided by the office of the Chapter 13 Trustee, of the amount owing to it under the terms of the Plan. Neither has any explanation been provided as to the additional significant amount now claimed to be due under the contract. According to Americredit's own Proof of Claim, only $66.95 of its total claim as of the filing date was unsecured. Under the terms of the confirmed Plan it was to receive not only the principal amount of its secured claim, but also interest thereon at the rate of 7% per annum. Although Americredit was represented by counsel and objected to the Debtor's Valuation Motion and to the original Plan proposed by her, it did not object to the amended Plan which was confirmed. The parties' initial dispute in this case as to the value of Americredit's secured claim was resolved by their agreement entirely in the creditor's favor. In these circumstances it seems particularly surprising that Americredit is complaining about not receiving more from the Trustee than it was satisfied to accept at the time the Debtor's amended Plan was confirmed.

Americredit cites *In re West* as support for its position that the insurance payout should be paid to it. In *West*, the debtor filed a petition for bankruptcy in February 2002 and subsequently purchased an insurance policy from GEICO Insurance Company ("GEICO") to insure the debtors' 1997 Ford Expedition. *Id.* at 542-43. The total amount due upon the contract as of the filing date was $25,989.54, but the amount of its secured claim to be paid with interest under the terms of the confirmed Plan was determined to only be $21,000.00. *Id.* at 542. In 2005, the Expedition was in an accident and deemed a total loss, so GEICO issued a payout

8

check and sent it to the trustee. *Id.* at 543. The trustee filed a motion to have NAE Federal Credit Union ("NAE"), which had a perfected security interest in the Expedition and was the loss payee on the insurance policy, turn over title to the vehicle, upon which the trustee would pay off NAE's secured claim in full, but not its general unsecured claim, with the proceeds from the policy. *Id.* NAE argued that it was the loss payee on the policy and entitled to the proceeds in their entirety to satisfy its secured claim in full and much of its remaining unsecured claim. *Id.* The court held that proceeds from the post-petition policy never became part of the bankruptcy estate, which "ma[de] it impossible for the trustee to have any claim in them" and ruled for NAE. *Id.* at 544-45.

The *West* holding extensively relies on the holding of the Fourth Circuit in *American Bankers Ins. Co. v. Maness (In re Houska)*, 101 F.2d 358 (4th Cir. 1996). In *Houska*, the debtors had a fire insurance policy on their home when they filed their petition, but purchased a post-petition replacement policy, which was in force when a fire destroyed their house. *Id.* at 360. The court determined that had the first insurance policy, which was pre-petition, been in force, it would have been property of the estate and the proceeds would have been distributed according to the Plan. *Id.* at 362. However, because the policy in effect at the time of the loss was post-petition and the exceptions under § 541 were unavailable to bring the post-petition asset into the bankruptcy estate, the trustee could not claim an interest in the proceeds, which should be distributed according to the terms of the policy. *Id.* at 363-66. The *Houska* opinion also held that under Virginia law, which governed the decision in that case, the payout from an insurance policy was proceeds of the policy and not of the damaged or destroyed property on which the policy had been taken out. *Id.* at 364 (rejecting the Second Circuit's

9

holding that insurance payouts are proceeds of the property and holding that they are proceeds of the policy); *see also Thompson v. Gearhart*, 119 S.E. 67, 69 (Va. 1923) (holding that the party with rights in the policy could claim the insurance payout and the person with rights in the property alone could not).

Americredit's claim to an amount in excess of the balance owing to it upon its secured claim as provided for in the Order of Confirmation fails for two important reasons:

First, under the teaching of *Houska,* pertinent Virginia law, which is likewise applicable to the determination of this case, provides that casualty insurance proceeds upon property are proceeds of the insurance policy, rather than proceeds of the insured property. Americredit has based its claim of entitlement to the insurance proceeds as being proceeds of the vehicle upon which it has a perfected lien, a claim which is not supported by Virginia law for the reasons already stated.  It has never made any assertion that it has a perfected security interest in the insurance policy itself.

Second, although Americredit has asserted that it is the loss payee on the Nationwide policy, it has offered no evidence to prove that contention.  Its own pleading seeking the Court's assistance to order the Chapter 13 Trustee to turn over more of the insurance proceeds to it than is due under the terms of the Plan seems to make clear that in fact the Trustee is the loss payee on the policy.  If indeed Americredit is the loss payee on the policy, it was its burden to establish such fact if it wished to win its motion on that basis, not the responsibility of the Trustee or the Debtor to prove otherwise.  *See* 11 U.S.C. § 362(p)(2) (stating that "the entity asserting an interest in property has the burden of proof on the issue of validity, priority, or extent of such interest").

## **CONCLUSION**

Based upon the above authorities, the Court concludes that the Debtor's Motion to Disburse Insurance Proceeds should be granted because Americredit has failed to establish its claimed superior interest in the insurance recovery.  Even Americredit has not objected to the Debtor's Motion on any basis other than its claim of a superior right to most of the insurance payment.  Because there is no other objection from the Trustee or any other party in interest to the Debtor's Motion and her ability to purchase a replacement vehicle appears to be important, indeed likely essential, to her ability to complete her Plan successfully, her Motion will be granted and Americredit's Motions will be denied .  An order to such effect will be entered contemporaneously herewith.  Due to the view taken by the Court as to the basis upon which the dispute before it ought to be determined, it has no need to determine the legal merit of the Debtor's contention that the Order of Confirmation altered Americredit's preexisting contractual and lien rights and limited them to those expressly provided for in such Order irrespective of any other interest such creditor might claim in the insurance proceeds of the Neon automobile, and the Court expresses no opinion thereon.

This the 30th Day of August, 2007.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE